# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SABATASSO,<br><br>        Petitioner,<br><br>   v.<br><br>PAM AHLIN,<br><br>        Respondent.<br>_____ / | 1:08-cv-00716 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on May 22, 2008.  (Court Doc. 1.)  As far as the Court can decipher, it appears that as of the time Petitioner filed the instant petition he is a pretrial detainee pending a petition as a sexual violent predator.  Although a pre-trial detainee may not seek habeas relief under § 2254, he may do so under § 2241.  See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

    Petitioner contends that his due process rights were violated by the Board of Prison Terms failure to adhere to the California Code of Regulations in providing him a parole revocation hearing, there was insufficient evidence to hold him beyond his due date, and the Board acted in bad faith.

    On the form petition, Petitioner states that on July 1, 1993, he was arrested by the Costa Mesa police for armed robbery, and was sentenced to a determinate state prison term of 26 years

to life.  Petitioner's earliest possible release date was set for March 3, 2007.

On January 11, 2007, Petitioner was interviewed pursuant to California Welfare and Institutions Code 6601, subdivision (c), by Doctor Mark Scherrer.  On January 14, 2007, three days later, Doctor Scherrer wrote a positive recommendation finding that Petitioner met the requirements under California law as a potential sexually violent predator.

On January 30, 2007, Petitioner was interviewed by Doctor Jeffrey Davis, again in accordance with section 6601, subdivision (c).  Doctor Davis was also of the recommendation that Petitioner was a potential sexually violent predator and wrote a report dated March 6, 2007.

On March 1, 2007, Petitioner was notified that a 45-day parole hold was in place resulting in a release date of April 17, 2007.

On March 1, 2007, the Orange County District Attorney filed a pleading in the California Superior Court for the County of Orange, initiating proceedings under the Sexually Violent Predator Act (SVPA).[1]

On March 16, 2007, the Orange County Sheriff's Department transported Petitioner from the California Department of Corrections and Rehabilitation to the Orange County Jail for involuntary civil proceedings under the SVPA (Cal. Welf. & Inst. Code § 6600, et seq.).

On March 19, 2007, Petitioner was transported to the Superior Court in Orange County, but a hearing was not conducted.

On March 29, 2007, Petitioner appeared before the Orange County Superior Court, counsel was appointed for him and he was ordered to answer the pleadings filed on March 1, 2007.  At this hearing, the Judge found there was "urgency probable cause" to detain Petitioner and ordered him held in actual custody pending a full adversarial probable cause determination pursuant to section 6602, which was scheduled for April 6, 2007.[2]

---

[1] A sexually violent predator is defined by California law as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."  Cal. Welf. & Inst. Code § 6600(a)(1). A probable cause hearing is held after a petition for commitment is filed to determine "whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release."  Cal. Welf. & Inst. Code § 6602(a).

[2] This hearing was subsequently rescheduled to April 9, 2007.

2

1    On April 9, 2007, the Judge found that there was probable cause pursuant to California
2 Welfare and Institutions Code 6602 and ordered him to remain in custody pending a formal trial
3 on the issues.
4    On May 14, 2007, Petitioner was transported from the Orange County Jail to the Coalinga
5 State Hospital where his custody was transferred from the Sheriff's Department to the California
6 Department of Mental Health, pending a trial under the SVPA.
7    Petitioner contends that he filed a state petition for writ of habeas corpus in the Orange
8 County Superior Court, the California Court of Appeal, Fifth Appellate District, and California
9 Supreme Court, which were all summarily denied without comment.

## DISCUSSION

A.   Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."

California Welfare and Institutions Code section 6601.3 states:

> Upon a showing of good cause, the Board of Prison Terms may order that a person referred to the State Department of Mental Health pursuant to subdivision (b) of Section 6601 remain in custody for no more than 45 days beyond the person's scheduled release date for full evaluation pursuant to subdivisions (c) to (i), inclusive, of Section 6601.

However, if the 45-day period pursuant to section 6601.3 will expire before a probable cause hearing is conducted pursuant to section 6602, the agency may request an urgency review. Cal. Welf. & Inst. Code § 6601.5. At that hearing, a judge of the superior court will review the

3

petition to determine whether it states or contains sufficient facts that, if true, would establish probable cause to believe the person named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release. "If the judge determines that the petition, on its face, supports a finding of probable cause, the judge shall order that the person be detained in a secure facility until a hearing can be completed pursuant to Section 6602. The probable cause hearing provided for in Section 6602 shall commence within 10 calendar days of the date of the order issued by the judge pursuant to this section." Cal. Welf. & Inst. Code § 6601.5.

First, Petitioner's claims all raise challenges arising under California law. Such claims are not cognizable via § 2241. "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989); see also 28 U.S.C. § 2254. Although Petitioner attempts to characterize his challenge as a due process violation, his claims truly arise from California law only. Specifically, the time limits set forth in California Welfare and Institutions Code section 6601(a)(1) do not impose independent deprivations on a prisoner's liberty nor do they impact the ultimate determination of whether Petitioner will be found to be a sexually violent predator. These provisions merely set forth the procedure for a person in custody to be referred to the Department of Mental Health for evaluation under the SVPA, prior to the inmate's release. In addition, it is noteworthy, that California has clarified that the filing of a petition under the SVPA only requires "custody," not "lawful custody." See e.g. People v. Hedge, 72 Cal.App.4th 1466, 1478-80 (1999).[3]

Furthermore, because Petitioner is currently awaiting a trial on the determination whether he is a sexually violent predator, this Court must abstain from intervening with the state court process. The federal courts have an enduring obligation to exercise jurisdiction over all cases properly before them. However, pursuant to 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by

---

[3] Such interpretation has been found, by at least one other district court, to be neither "contrary to" nor "an unreasonable application of" Supreme Court precedent. See Johnson v. Nelson, 142 F.Supp.2d 1215, 1229-1230 (S.D. Cal. 2001).

Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts. Younger v. Harris, 401 U.S. 37, 43 (1971). When federal courts are asked to enjoin pending state court proceedings, "the normal thing to do . . . is not to issue such injunctions." Id. at 44. This concept of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine.

The Supreme Court has explained that the fundamental policy reason for the doctrine of abstention is "comity," that is, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. Also foundational is "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43. Under our Constitution, the abstention doctrine is important "in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Id. at 44. For these reasons, courts of equity are restrained from interfering with criminal prosecutions.

The fact that Petitioner is a pretrial "civil" detainee does not remove this case from the governance of the Younger doctrine. Because the action is "in aid of or closely related to" a criminal statute, to wit, California's SVPA, the state is a party, and an important state enforcement policy - protection of the public from sexually violent predators - is at stake, the Younger doctrine necessarily applies. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Huffman v. Pursue, 420 U.S. 592, 603 (1975); Moore v. Sims, 442 U.S. 415, 423 (1979). Therefore, under Younger, this Court must abstain from interfering with the state proceedings if: 1) the state judicial proceedings are ongoing; 2) the state proceedings implicate important state interests; and 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex, 457 U.S. at 432. Furthermore,

the Supreme Court has stated:

> Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith and without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

Perez v. Ledesma, 410 U.S. 82, 85 (1971).

It is evident that this Court must abstain from intervention in this matter. First, the state judicial proceedings are ongoing. Second, the state judicial proceedings do implicate important state interests. California's Sexually Violent Predator Act was passed to protect the public from sexually violent predators. Third, the state trial process provides an adequate opportunity for Petitioner to raise his challenges. Petitioner's due process rights will not be forfeited if this Court does not intercede in the state trial process. Petitioner's claim may be brought at trial, and the state courts will have the opportunity to pass upon the constitutionality of Petitioner's commitment. Petitioner's right to a probable cause hearing by a neutral and detached magistrate and to a constitutional finding of probable cause, if not properly resolved by the state courts in the trial process, may then be brought post-trial in federal court.

Furthermore, Petitioner's case presents no special circumstances sufficient to justify federal intervention. Petitioner has not demonstrated harassment or bad faith on the part of the prosecution, nor has Petitioner demonstrated that sufficient irreparable injury will occur if Petitioner is to remain committed pending trial. Petitioner's only argument is that he was not provided a timely probable cause hearing. Yet, such an injury is insufficient. As stated by the Supreme Court, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a simple criminal prosecution, [can] not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 U.S. at 46. Petitioner makes no claim that he is being denied a speedy trial or is being subjected to a double jeopardy violation.[4] The state interest in protecting the public from sexually violent predators far outweighs the Petitioner's claimed injury. No other circumstances are presented or exist which

---

[4] See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) and Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004).

justify federal intervention. This Court must respect the State's judicial process and abstain from interference. Accordingly, under the rationale of <u>Younger</u>, the petition shall be dismissed, without prejudice, to refiling after the civil commitment proceedings, including any appeal, are complete.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED, without prejudice; and,

2. The Clerk of Court terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 26, 2008**            /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE